UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:15CR183 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DAVID A. ZEHNDER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon the motion of the defendant David A. Zehnder, for the Court to reopen his detention hearing, pursuant to 18 U.S.C. § 3142(f)(2)(B). (Doc. No. 13.) The government filed a memorandum opposing the motion. (Doc. No. 19.) On June 30, 2015, the Court entertained arguments regarding the motion.

The defendant is charged with one (1) count of extortion in violation of 18 U.S.C. § 1951 and one (1) count of use of text messages to threaten harm in violation of 18 U.S.C. § 875(b). These are both serious crimes, each having a statutory maximum term of imprisonment of 20 years. On April 30, 2015, after a hearing, a magistrate judge ordered the defendant detained. In doing so, the magistrate judge found as follows:

> On the issue of detention, I don't believe the Government made an argument for risk of flight, and I think the issue is danger to the particular victim and the community, and let me go through the factors.
>
> The evidence I heard was strong. The defendant, some of the things in the Pretrial Services report added to my concern in this case, such as $50,000 in cash, which in view of the defendant's employment history appears to be unexplained wealth, unexplained assets.

> There is a firearm and ammunition somewhere that nobody knows, seems to know where it is. The defendant's residence is unstable.
>
> It appears the defendant is maintaining an ongoing relationship with the person who was the prostitute in this case. I find that there are specific threats of violence that were directed towards the victim, and I am particularly disturbed by the fact that the evidence showed that the defendant told the victim that he knew where he lived and that he should be concerned about the safety of himself and his family, plus the fact that the statements I heard indicate that the defendant has other resources available to carry out any threats to the victim.
>
> So for that reason, I don't think home detention is a viable alternative. I feel the Government – I find the Government has shown by clear and convincing evidence that the defendant is a danger to the community and to the victim and his family in this case, and the defendant is ordered detained, he is remanded to the custody of the Attorney General.

(Hrg. Tr., PageID at 79-81.)

As it pertains to this case, 18 U.S.C. § 3142(f)(2)(B) provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." *See also United States v. Watson*, 475 F.App'x 598, 600 (6th Cir. 2012).

In his written motion and at a hearing before the undersigned on June 30, 2015, the defendant claims that he has "new" information that was not known at the time of the detention hearing and/or that would serve to correct some misinformation presented to the magistrate judge. Specifically, it was represented that the defendant intends to reside with his daughter if released; that his firearm has now been located and

is being kept at his daughter's home; and that the amount of cash in his house was $5,000, not $50,000 as reported in the pretrial services report.

With respect to the amount of cash, the defendant believes that the original reference to $50,000 in the pretrial services report may have been a typographical error. The Court finds that this information is not "new," but was known to the defendant at the time of the detention hearing. Indeed, at the commencement of the hearing, the magistrate judge stated as follows:

> Both sides should also know, I always consider the Pretrial Services report, so there is no need to incorporate things like that in your factual basis, but each side should be prepared to tell me if you have any corrections, modifications, additions or clarifications to the Pretrial Services report when it is your time to proceed.

(Hrg. Tr., PageID at 52.) Prior to the conclusion of the detention hearing and before the magistrate judge announced her ruling, the defendant and his counsel (at their request) were given an opportunity to review the pretrial services report. Defendant's counsel represented to the Court that he was satisfied that "there are no major additions or corrections to the report." (Hrg. Tr., PageID at 63.) Thus, the defendant had an opportunity to address the alleged typographical error, but did not do so.

That said, this Court finds that even if the amount of cash in defendant's home was $5,000 as opposed to $50,000, in light of all of the facts before the magistrate judge (particularly that the defendant had been unemployed for a year), the correction in the amount of cash would not have a material bearing on the issue, as it was the specific threats of harm to the alleged victim and his family, coupled with the defendant's knowledge of where the alleged victim lived, and the defendant's ongoing relationship with the prostitute involved in the case that were central to the magistrate judge's

detention order. In any event, $5,000 cash is still a significant amount of unexplained money for an unemployed person to have on hand.

Likewise, the "new" information that the defendant will be able to reside with his daughter does not have a material bearing on the outcome of the issue. Again, central to the magistrate judge's ruling, and most significant to the undersigned, are the magistrate judge's findings that detention was warranted due to the defendant's threats of violence against the alleged victim and his family; the defendant's knowledge of the alleged victim's residence; and the defendant's ongoing relationship with the prostitute involved in the case.

Finally, the information that the defendant's weapon has been located and is now being kept in the home of the daughter with whom the defendant proposes to stay if released is not a fact that weighs in favor of reopening the detention hearing. If anything, it is confirmation that the defendant possessed a firearm and provides further support for the magistrate judge's concern for the safety of the alleged victim and the public.

As the Sixth Circuit Court of Appeals noted in *Watson, supra,* in order to justify the reopening of a detention hearing, the information must not only be new, must it must "be of a nature that . . . would show that the defendant is less likely to pose a danger to the community." *Watson,* at 600. Much of the information relied upon by the defendant in this case was not new. Moreover, to the extent that the information was new, the Court finds that it does not show that the defendant is less likely to pose a danger to the community. The Court finds that the magistrate judge's findings were amply

supported by the record and the defendant's motion to reopen his detention hearing is DENIED.

    **IT IS SO ORDERED.**

Dated: June 30, 2015

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**